CHARLES S. HOMER *vs.* ALANSON ABBE & others.

No hearing can be had upon a bill in equity, founded upon articles of copartnership, and naming all the partners as defendants, if the return upon the subpœna does not show that all the defendants residing within the Commonwealth have been duly summoned to answer the bill, although those defendants who have been summoned have appeared and demurred thereto.

BILL IN EQUITY to enforce agreements contained in articles of association and copartnership between the plaintiff and the defendants under the name of the Fremont Mining Association. The defendant Abbe demurred to the bill, among other reasons, because the plaintiff had not caused all the persons named in the bill as defendants and partners in the transaction, and residing within the Commonwealth, to be duly summoned to answer the bill. *Hoar,* J. sustained the demurrer, subject to the opinion of the full court.

*F. W. Sawyer,* for the defendant Abbe. The failure to make all the partners residing within the jurisdiction parties to the bill, and to summon them in, is good cause of demurrer. *Palk* v. *Clinton,* 12 Ves. 58. Story Eq. Pl. § 76, & note.

*H. M. Parker,* for the plaintiff. It was not necessary to summon in all the copartners residing in the Commonwealth. It

was enough to name them in the bill, at least until their non-joinder was duly pleaded. Adams on Eq. 319 – 322. Story Eq. Pl. §§ 77 – 80. *Stevenson* v. *Austin,* 3 Met. 480, 481. *Dana* v. *Valentine,* 5 Met. 13. *Crease* v. *Babcock,* 10 Met. 529. Rev. Sts. c. 92, § 12; c. 100, §§ 1 – 3, 6.

BIGELOW, C. J. This case is in no condition to be heard on the demurrer. On inspection of the subpœna, it appears that the plaintiff has caused three only of the persons named by him as defendants in the suit to be summoned in to answer to the bill. As to the other defendants, whom he has joined in the suit, and who are necessary parties to the bill, he has omitted to take out the usual summons for their appearance. It is clearly his duty to proceed and bring the proposed defendants, who, upon his own allegations, are proper and necessary parties, before the court. Until he does so, he cannot ask that those whom he has summoned should be called to a hearing of the merits of the bill, or be compelled to have their rights and interests involved in the suit examined or adjudged. One of the essential principles of chancery jurisdiction is, that all persons interested in the subject or object of a suit should be made parties to the bill, and have opportunity of being heard. Otherwise, it would be impossible to do complete justice, or to decide on their respective rights definitively, or safely to adjudge on the matters properly included in the bill. 1 Dan. Ch. Pract. 240, 489. In this respect, a suit in equity differs materially from an action at law. In the latter, only those are made parties who are essential to the assertion of a right, or the redressing of a wrong. In the former, all are joined who have mutual rights and interests in the subject matter of a suit, so that modifications of their mutual rights may be made, their reciprocal duties and obligations adjusted, as well among the parties adverse as those who have common interests, and the whole subject of controversy finally adjudicated among them. It is only where all the parties are before the court, that the whole case can be brought out, and the conflicting interests, as shown by the pleadings, can be fully understood and adjudicated. The plaintiff must therefore make parties to the bill, not only those who

have a common right or interest with himself, but also those who are adversely interested, and who have mutual rights to adjust, growing out of the claim or demand which he seeks to enforce by his bill. Such being the rule, it is clear that the plaintiff cannot proceed with his bill as the case now stands. It would be of no avail to join parties in a suit, unless they were summoned in to answer or plead. The rights of those who are summoned cannot be ascertained or adjudicated in the absence of others who are essential parties. The omission to summon them is as fatal to the further prosecution of the suit as an omission to join them.

It is true that the defendants who have been summoned have not taken advantage of this omission in the proper form. A demurrer lies only to that which is apparent on the face of the bill. This defect is shown only by an inspection of the return of the officer upon the subpœna. The proper mode of bringing it before the court would seem to be by a motion to dismiss, for want of due prosecution. But the objection has not been waived, and as it is of a nature to prevent the cause from being properly heard, so as to enable the court to enter a suitable decree, the court of its own motion will state the objection, and refuse to proceed further. Story Eq. Pl. § 75. Unless, therefore, the plaintiff causes all the defendants named in his bill, who are within the jurisdiction of the court, to be duly summoned without delay, an order will be entered, directing the

*Bill to be dismissed.*